UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:17-cr-193-SEB-DML-01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE) |
| TIMOTHY JONES | |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cr-00193-SEB-DML |
| | ) | |
| TIMOTHY JONES, | ) -01 | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant Timothy Jones seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). For the reasons explained below, Mr. Jones's motion is **denied**.

**I. Background**

In 2019, Mr. Jones pled guilty to one count of conspiracy to possess with intent to distribute and to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Dkt. 39. According to the stipulated factual basis for his plea agreement, Mr. Jones admitted the following: in September 2017, he had multiple phone calls with an individual located in Indianapolis, Indiana; the purpose of those phone calls was to coordinate the transportation of approximately three and a half kilograms of heroin from Mr. Jones in Southern California to Indianapolis, Indiana. Dkt. 24 at 7. As a result of these coordinating phone calls, on September 18, 2017, a semi-truck, which had left from Southern California a couple of days prior, arrived in Indianapolis. Upon arriving, the occupants of the semi-truck met with the individual with whom Mr. Jones had previously coordinated to receive the heroin. After the individual received the 3,636 grams of heroin, law enforcement intervened and seized it.

The Court sentenced Mr. Jones to 120 months of imprisonment and 5 years of supervised release. Dkt. 39. The BOP (Bureau of Prisons) lists Mr. Jones's anticipated release date (with good-conduct time included) as November 24, 2027. *See* https://www.bop.gov/inmateloc/ (last visited Aug. 18, 2022).

Mr. Jones filed his initial motion for compassionate release pro se. Dkt. 53. The Court appointed counsel, dkt. 54, but counsel withdrew before filing any substantive submissions on Mr. Jones's behalf, dkts. 57, 58. Mr. Jones thereafter supplemented his pro se submission. Dkts. 59, 66. In his submissions, Mr. Jones argues that he establishes an extraordinary and compelling reason for compassionate release because his ex-wife is unable to continue as the caretaker for his adult son who suffers from several debilitating conditions. The United States filed a brief in opposition to the motion, dkt. 67, and Mr. Jones filed a reply, dkt. 69. Thus, the motion is now ripe.

## II. Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Mr. Jones represents that he has a 30-year-old son who suffers from "a severe case of Autism, is deaf, has mild retardation and [is] medically disabled including wearing an adult diaper and is in need of twenty-four-hour care." Dkt. 53 at 1. Mr. Jones's ex-wife, who is the mother of the son, has been caring for him since Mr. Jones went to prison. The son previously attended adult daycare, however, since the pandemic, the son no longer attends and is cared for at home by his mother. Mr. Jones represents that his son's mother is no longer able to continue to provide care because the son is overly aggressive and harmful to her, others and himself. Dkt. 53 at 5. The Court need not determine whether Mr. Jones's situation with his son is an extraordinary and compelling reason to potentially grant compassionate release because even if the Court assumes that it is, the applicable § 3553(a) sentencing factors weigh against granting Mr. Jones's request for compassionate release.

The § 3553 sentencing factors to be considered are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a). The Court will address those factors that are applicable to Mr. Jones's motion.

Weighing in Mr. Jones's favor, he represents that he is a non-violent offender and was released for one year on pre-trial bond without issue so he could arrange a living situation for his son. Dkt. 53 at 8. He is the senior pastor at the prison and drives the institution's trash truck off-premises unsupervised for hours at a time. *Id.* at 9. He is entrusted to manage the institution Food Service Warehouse as the head clerk responsible for managing inventory and ensuring the overall warehouse runs efficiently. Mr. Jones represents that he has been rated as a minimum risk for recidivism and given a low security classification.

Weighing heavily against him, however, Mr. Jones committed a serious crime involving a substantial amount of heroin. Mr. Jones also has a prior federal conviction for which he served approximately three years in prison, yet that did not deter him from committing another federal crime. Finally, Mr. Jones has only served slightly more than one-third of his sentence and is not due to be released until 2027. Thus, releasing him now would be a substantial reduction.

In light of these considerations, the Court finds that releasing Mr. Jones now would not: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; afford adequate deterrence to criminal conduct; or protect the public from further crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("all a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as Ugbah's is enough; more would be otiose.").

### III. Conclusion

For the reasons stated above, Mr. Jones's motion for compassionate release, dkt. [53], is **denied.** Mr. Jones's motion for status, dkt. [71], is **granted** to the extent that this order shall serve as his status update.

**IT IS SO ORDERED.**

Date: 9/12/2022

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Timothy Jones
Reg. No. 28810-112
FCI Seagoville
Federal Correctional Institution
P.O. Box 9000
Seagoville, TX 75159