UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:17-cr-00193-SEB-DML-1 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE) |
| TIMOTHY JONES | |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cr-00193-SEB-DML |
| | ) | |
| TIMOTHY JONES, | ) -1 | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant Timothy Jones has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 74. For the reasons explained below, his motion is **DENIED**.

**I.   Background**

In 2019, Mr. Jones pleaded guilty to one count of conspiracy to possess with intent to distribute and to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Dkt. 39. In September 2017, Mr. Jones had multiple phone calls with an individual located in Indianapolis, Indiana; the purpose of those phone calls was to coordinate the transportation of approximately three and a half kilograms of heroin from Mr. Jones in Southern California to Indianapolis, Indiana. Dkt. 24 at 7. As a result of these coordinating phone calls, on September 18, 2017, a semi-truck, which had recently left from Southern California, arrived in Indianapolis. *Id.* Upon arriving, the occupants of the semi-truck met with the individual with whom Mr. Jones had previously coordinated to receive the heroin. *Id.* After the individual received the 3,636 grams of heroin, law enforcement intervened and seized it. *Id.*

The Court sentenced Mr. Jones to 120 months of imprisonment, followed by 5 years of supervised release. Dkt. 39 at 2–3. The Bureau of Prisons ("BOP") currently reports that Mr. Jones's anticipated release date (with good-conduct time included) is November 24, 2026. https://www.bop.gov/inmateloc/ (last visited April 18, 2024).

Mr. Jones filed his first motion for compassionate release pro se, dkt. 53, which the Court denied, dkt. 72. Thereafter, Mr. Jones filed the instant motion. Dkt. 74. Mr. Jones argues in the instant motion that he establishes an extraordinary and compelling reason for compassionate release because his ex-wife is unable to continue as the caretaker for his adult son who suffers from several debilitating conditions. *Id.* Mr. Jones represents that he has a 30-year-old son who suffers from "a severe case of Autism, is deaf, has mild retardation and [is] medically disabled including wearing an adult diaper and needs of twenty-four-hour care." Dkt. 74 at 1. His son's mother has been caring for him since Mr. Jones went to prison. Dkt. 74 at 5. Mr. Jones represents that his son's mother is no longer able to continue to provide care because the son is overly aggressive and harmful to her, others, and himself. Dkt. 53 at 5–6.

The United States has filed opposition to the motion. Dkt. 79. The United States argues that Mr. Jones has not established extraordinary and compelling reasons for release because he has not shown that his child's mother is incapacitated and that he would be the only available care giver. *Id.* The United States also argues that Mr. Jones remains a danger the public and the sentencing factors pursuant to § 3553 weigh against release. *Id.* Mr. Jones filed thereafter filed an addendum to his motion. Dkt. 89. The motion is now ripe for the Court's consideration.

## II.   Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet under one exception to this rule, a court may reduce a

sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023).

As we did in address's Mr. Jones's prior motion, the Court will assume without deciding that he has established an extraordinary and compelling reason for his release because his son's mother is incapable of providing proper care for him. The Court nevertheless finds that Mr. Jones is not entitled to compassionate release because the sentencing factors under 18 U.S.C. § 3553 do not weigh in his favor.[1] In its order on the Mr. Jones's first motion for compassionate release, the Court found that these factors weigh against his release explaining as follows:

> Weighing in Mr. Jones's favor, he represents that he is a non-violent offender and was released for one year on pre-trial bond without issue so he could arrange a

---

[1] These factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

> living situation for his son. Dkt. 53 at 8. He is the senior pastor at the prison and drives the institution's trash truck off-premises unsupervised for hours at a time. *Id.* at 9. He is entrusted to manage the institution Food Service Warehouse as the head clerk responsible for managing inventory and ensuring the overall warehouse runs efficiently. Mr. Jones represents that he has been rated as a minimum risk for recidivism and given a low security classification.
>
> Weighing heavily against him, however, Mr. Jones committed a serious crime involving a substantial amount of heroin. Mr. Jones also has a prior federal conviction for which he served approximately three years in prison, yet that did not deter him from committing another federal crime. Finally, Mr. Jones has only served slightly more than one-third of his sentence and is not due to be released until 2027. Thus, releasing him now would be a substantial reduction.

Dkt. 72. Though he has now completed a greater percentage of his sentence and has apparently accumulated enough good time credit to move his release date to November 2026, he has served only about one half of the full term of his sentence and has more than two-and-one-half years remaining until his release date. These factors still weigh strongly against him, and Mr. Jones has not otherwise provided any new information which would alter the Court's prior analysis of these factors.

Thus, because the early release of Mr. Jones would not reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, or protect the public from further crimes, the motion must be **DENIED**. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("[A]ll a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as [defendant's] is enough; more would be otiose.").

### III.   Conclusion

For the reasons stated above, Mr. Jones's motion for compassionate release, dkt. [74], is **denied**.

**IT IS SO ORDERED.**

Date: 4/22/2024

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

5

Distribution:

All Electronically Registered Counsel

Timothy Jones
Register Number: 28810-112
FCI Seagoville
Federal Correctional Institution
P.O. Box 9000
Seagoville, TX 75159